UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DENISE K. HOMA, on behalf of herself and
all others similarly situated,

                      Plaintiff,                    **MEMORANDUM AND ORDER**
                                                              2:17-cv-1661 (DRH)(AYS)

    - against –

GC SERVICES LIMITED PARTNERSHIP,

                      Defendant.
--------------------------------------------------------X

**APPEARANCES**

**MITCHELL L. PASHKIN**
Attorney for Plaintiff
775 Park Avenue Suite 255
Huntington, NY 11743
By:    Mitchell L. Pashkin, Esq.

**KIRSCH & NIEHAUS**
Attorney for Defendant
150 East 58th Street
New York, NY 10155
By:    Emily B. Kirsch, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Denise K. Homa ("Homa" or "Plaintiff") brought this action against Defendant GC Services Limited Partnership ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") regarding a collection letter. Plaintiff originally designated this action as related to another action brought by Catherine C. Vaughan ("Vaughan").[1] As such, Defendant moved to dismiss both actions with a single motion. On September 27, 2018, this Court granted such motion to dismiss pursuant to Rule 12(b)(6) as to all claims of both Plaintiff and Vaughan.

---

[1] Both Plaintiff and Ms. Vaughan are represented by the same counsel.

On October 11, 2018, Plaintiff filed a motion for reconsideration as to only the first cause of action in the Amended Complaint (Am. Compl.), for violations of 15 U.S.C. § 1692g(a)(3), (4), and/or (5) and 15 U.S.C. § 1692e. For the reasons explained below, the motion for reconsideration is granted. Upon reconsideration, the Court denies Defendant's motion to dismiss only as to Plaintiff's first cause of action.

## BACKGROUND

The background of this matter is set forth in the Court's September 27, 2018 Order, *Homa v. GC Services Limited Partnership*, 2018 WL 4636816, at * (E.D.N.Y. Sept. 27, 2018), familiarity with which is presumed.

Briefly stated, on November 5, 2015, Defendant sent Plaintiff a letter (the "Homa Letter") seeking to collect a past-due debt she had incurred on a Chase Bank USA, N.A. ("Chase") credit card. (Am. Compl. [ECF No. 11] No. 17-cv-1661 (hereinafter "Homa Compl.") ¶ 7.) On February 4, 2016, Defendant also sent Plaintiff Vaughan a letter (the "Vaughan Letter") seeking to collect a past-due debt she had also incurred on a Chase credit card. (Compl. [ECF No. 9] No. 17-cv-3914 (hereinafter "Vauaghan Compl.") ¶ 7.) Neither the Homa nor the Vaughan Complaints allege that the respective plaintiff made any payments toward their debts. On November 20, 2017, Defendant brought a single motion to dismiss both the Homa and Vaughan actions. The Court granted Defendant's motion as to all claims in both actions. As is relevant to the instant motion for reconsideration, the Court granted Defendant's motion to dismiss Homa's first cause of action based on the indication in the Parties' papers that the Homa and Vaughan Letters were identical.[2]

---

[2] Nowhere in Plaintiff's Memorandum in Opposition to Defendant's motion to dismiss does she note that the language in the Homa letter is any different than the language in the Vaughan letter, nor does she quote the language from either letter. (*See* Pl.'s Mem. in Opp. [ECF No. 20] at 14–18.)

On October 11, 2018, Plaintiff Homa moved for reconsideration, explaining that the Homa Letter includes the following language that is not in the Vaughan Letter: "[u]nless you, within thirty (30) days after your receipt of *GC Services' Initial Written Notice to you concerning this debt*, dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by GC Services." (Letter to Homa from Def. (Nov. 5, 2015) (Ex. 1 to Homa Compl.) at 2 (emphasis added).) By comparison, the Vaughan Letter contains the following language:"[u]nless you, within thirty (30) days after your receipt of *this letter*, dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid." (Letter to Vaughan from Def. (Ex. 1 to Vaughan Compl.) (Feb. 4, 2016) at 2 (emphasis added).)

## LEGAL STANDARD

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, a "'party

may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co.*, 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision.

## DISCUSSION

### I. Plaintiff's Motion for Reconsideration

Plaintiff correctly argues that the Court erroneously based its decision on the Homa and Vaughan Letters being identical, which they are not. As the Court's prior decision was based on incorrect factual data, the motion for reconsideration is granted. *Virgin Atl. Airways*, 956 F.2d at 1255. Therefore, the Court will now reevaluate Plaintiff's first cause of action based on the language actually contained in the Homa Letter.

### II. Defendant's Motion to Dismiss

a. FDCPA § 1692g(a)(3) Legal Standard

FDCPA § 1692g(a) provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or

judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

"The FDCPA prohibits debt collectors from using not only false representations, but also 'deceptive . . . or misleading ones.'" *DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, 619 F. App'x 7, 9 (2d Cir. 2015) (quoting 15 U.S.C. § 1692e)). The Second Circuit has explained that to evaluate whether a communication is deceptive or misleading, courts should use "an objective standard based on the 'least sophisticated consumer,' in order 'to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *DiMatteo*, 619 F. App'x at 9 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Collection communications are deceptive under this standard "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.*

      b. Defendant's Motion to Dismiss is Denied as to Plaintiff's First Cause of Action

Plaintiff Homa claims that the failure to identify the Homa Letter as the "Initial Written Notice" "could confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt." (Am. Compl. ¶ 19.) In support of this proposition, Plaintiff cites to *Chavez v. MCS Claim Services, Inc.*, in which the court granted a default judgment to the consumer and held that the communication could confuse the least sophisticated consumer by stating: "unless you within thirty (30) days after your receipt of MCS claim Services, Inc. initial written notice to you concerning this debt, dispute the validity of the debt . . ." without identifying such communication as the initial written notice. 2016 WL 1171586, at *2 (E.D.N.Y. March 23, 2016). The *Chavez* decision concerned a default judgment, which this case is not. *Id.* However, the Court finds it instructive when considered in the context of the other relevant case law discussed *infra*.

In *Chavez*, the court discussed the type of language in a communication that is insufficient for purposes of § 1692. It is also illuminating to compare *Chavez* to decisions in which courts have found that a communication fulfills the debt collector's requirements under § 1692g(a)(3). Notably, the consensus seems to be that a communication "tracks the statutory language" when it identifies itself as the initial written notice. *See, e.g.*, *Kagan v. Selene Finance L.P.*, 210 F. Supp. 3d 535, 543 (S.D.N.Y. 2016) (dismissing an action in which the notice stated that the consumer had to dispute the debt "within 30 days of receipt of this notice"); *Nasca v. GC Servs. Ltd. P'ship*, 2002 WL 31040647, at *7 (S.D.N.Y. Sept. 12, 2002) (holding that a notice that provided that the plaintiff must notify the debt collector "within 30 days of receipt of this notice that [she] disputes the validity of the debt, or any portion thereof . . . tracks the statutory language"); *Sebrow v. NCO Fin. Sys., Inc.*, 2009 WL 2707341, at *3 (E.D.N.Y. Aug. 27, 2009) (finding that a notice "parallel[ed] the language of 1692g(a)(3)" in stating that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid" (internal quotation marks omitted)).

Here, as in *Chavez*, the Homa Letter says that the recipient had thirty days from receipt of "the initial written notice to you" to contest the debt. The Homa Letter, like the *Chavez* communication, did not identify itself as the initial written notice. Defendant's failure to specifically identify the Homa Letter as the "initial written notice" could confuse the least sophisticated consumer. The recipient could wonder if another prior notice had been forgotten or misplaced by him or her, lost in the mail, or if a further notice would be the "initial written notice" and would be identified as such. Defendant has provided no Second Circuit precedent

indicating that the language included in the Homa Letter is sufficient.  Accordingly, Defendant's motion to dismiss is denied as to Plaintiff's first cause of action for violations of § 1692g(a).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is granted.  Upon such reconsideration, the Court denies Defendant's motion to dismiss Plaintiff's first cause of action.  The Clerk of Court is directed to reopen the case.

**SO ORDERED.**

Dated: Central Islip, New York
       May 21, 2019

/s/
Denis R. Hurley
United States District Judge